IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC., *Plaintiff* | : : : : | CIVIL ACTION |
| v. | : : | |
| CONVRGD DATA TECH, INC., *Defendant* | : : : | No. 20-3621 |

**MEMORANDUM**

PRATTER, J.                                                                                  NOVEMBER 19, 2020

      De Lage Landen Financial Services, Inc. filed a complaint in July alleging that Convrgd Data Tech, Inc. had failed to make payments on five lease agreements. Since filing De Lage Landen has repeatedly attempted to serve Convrgd to no avail. De Lage Landen now moves for an extension of time to serve Convrgd and for leave to serve using substitute service. At the Court's request, De Lage Landen submitted an affidavit detailing its efforts to serve Convrgd.

      For the reasons that follow, the Court grants De Lage Landen an additional 45 days to serve Convrgd but denies its request at this time for leave to serve Convrgd by alternate means.

**I.    Procedural History**

      Because De Lage Landen filed its complaint on July 24, 2020, it was required to serve Convrgd by October 22, 2020. Fed. R. Civ. P. 4(m).[1] Using information from the California Department of State's business entity records, De Lage Landen engaged a process server to serve Convrgd at its registered agent's address. The process server returned the summons unexecuted because the "business is no longer located at the address." De Lage Landen then attempted to personally serve Convrgd at its place of business using the address Convrgd provided in the

---

[1]    Federal Rule of Civil Procedure 4(m) provides that service must be effected within 90 days of filing the complaint.

contracts at issue with De Lage Landen and in its filings with the California Department of State. This attempt was likewise unsuccessful because Convrgd was no longer operating at this address. Undeterred, De Lage Landen next attempted to serve Convrgd's registered agent's registered agent via hand delivery. Again, this effort failed because the business was closed until November. De Lage Landen has not stated whether it has re-attempted service on the registered agent's registered agent this month.

De Lage Landen then attempted to serve the only corporate officer[2] who is a U.S. resident.[3] The company obtained the names of the corporate officers from a Statement of Information Convrgd had filed with the California Secretary of State. Public records revealed that only the corporate secretary, William Groh, lives in the United States. De Lage Landen found three possible addresses associated with Mr. Groh, one in California, Florida, and North Carolina. Service on the California address would be futile as a search revealed that it is an empty lot in a remote area.

De Lage Landen was unsuccessful in its attempts to serve Mr. Groh at the Florida and North Carolina addresses. Personal service was not possible at the Florida address as it was behind a gate, and the process server was denied entry. De Lage Landen did not state whether it made subsequent attempts to serve Mr. Groh in Florida. Nor could the process server serve Mr. Groh in North Carolina because Mr. Groh had since moved from that address. De Lage Landen has been unable to discover any additional addresses for Convrgd's officers or employees.

---

[2] Rule 4(h)(1) provides that domestic corporations may be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant[.]" Fed. R. Civ. P. 4(h)(1)(B).

[3] According to the Statement of Information, Convrgd's Chief Executive Officer and Chief Financial Officer resides in India.

## II. Alternative Service

Federal Rule of Civil Procedure 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Because the case is before the Eastern District of Pennsylvania, Pennsylvania Rules of Civil Procedure apply.[4] Relevant here, Pennsylvania law provides that:

> If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.

Pa. R. Civ .P. 430(a).

Alternative service, however, is a last resort. Courts within this Circuit have held that a plaintiff moving for alternative service under Rule 430(a) must show "(1) a good faith effort to locate the defendant; (2) practical efforts to serve the defendant under these circumstances; and (3) a method of alternative service that is reasonably calculated to provide the defendant with notice." *Barbosa v. Dana Capital Grp., Inc.*, No. CIV. A. 07-CV-1724, 2009 WL 902339, at *4 (E.D. Pa. Mar. 31, 2009) (collecting cases). Rule 430(a) articulates a non-exhaustive list for locating a defendant, including making inquiries of postal authorities, examining voter registration records, and local tax records. *See also Deer Park Lumber, Inc. v. Major*, 559 A.2d 941, 946 (Pa. Super. Ct. 1989). A plaintiff must do more than a mere paper search before invoking Rule 430(a). *Id.*

De Lage Landen has set forth its quixotic efforts to locate and serve Convrgd in its motion and accompanying affidavit. Doc. Nos. 4, 8. The efforts likely have been exasperating for De Lage Landen. It first obtained Convrgd's address from information Convrgd provided to the California Secretary of State, including its registered agent and business location. It then

---

[4] The rule uses the disjunctive "or" for the applicable state law governing service. According to records maintained by the California Secretary of State, Convrgd is registered in California.

3

researched voter registration records to pull two addresses associated with Convrgd's corporate secretary. It also located three email addresses, one listed on Convrgd's website, and two others from searching the registration of Convrgd's website's IP addresses. The Court first finds that DLL's efforts to locate Convrgd satisfy the good faith requirement.

De Lage Landen falters, however, regarding its practical efforts to serve Convrgd. A plaintiff seeking leave for alternative service is required to make multiple attempts to serve a defendant. *Barbosa*, 2009 WL 902339, at *6. "Half hearted attempts at service" do not count. *Banegas v. Hampton*, 2009 WL 1140268, at *2 (E.D. Pa. Apr. 27, 2009).

It is true that De Lage Landen attempted to serve Convrgd at its registered agent, its registered business address, and its registered agent's registered agent. These attempts were all unsuccessful. The Court takes notice that repeated efforts to serve the registered agent or Convrgd's business address using the information from the Secretary of State would be futile because Convrgd and its registered agent have since vacated those locations and have not updated the records with new addresses.

But it is De Lage Landen's efforts to personally serve Mr. Groh that do not yet meet the "practical efforts to serve" requirement. De Lage Landen admitted that it attempted on only one occasion to personally serve Mr. Groh at the Florida address. Doc. No. 8. Alternative service is warranted when the plaintiff has left no stone unturned. *Grove v. Guilfoyle*, 222 F.R.D. 255, 257 (E.D. Pa. 2004). Courts in this Circuit have found a plaintiff's efforts insufficient where three attempts were made, two of which were on the same day of the week. *Banegas*, 2009 WL 1140268, at *2. Although De Lage Landen has been diligent indeed in its attempt to serve Convrgd, the same cannot be said—at this time—about its efforts to reach its corporate officer. *See, e.g., Premium Payment Plan v. Shannon Cab Co.*, No. 04-4669, 2007 WL 2319776, at *1 (E.D. Pa.

4

Aug. 13, 2007) (finding the "several attempts" to serve defendant's officer in which the officer refused to come to the door and the "stake-out" of the residence constituted reasonable efforts).

Because De Lage Landen has not yet demonstrated that it has made sufficient requisite practical efforts to serve Convrgd, the Court need not consider whether its proposed methods of alternative service are reasonably calculated to provide Convrgd with notice of the proceedings.

### III.   Extension of Time for Service

Earlier this month, the Court ordered that De Lage Landen either timely serve the summons and complaint on Convrgd or show good cause for its failure to do so. Given the challenges with serving Convrgd to date, De Lage Landen now seeks an extension of time to effect service.

A two-step inquiry informs whether to extend the time for service. *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997). The court must first determine whether good cause exists for plaintiff's failure to timely serve the defendant. If good cause exists, the court must grant the extension. *Id.*; Fed R. Civ. P. 4(m). If good cause does not exist, then the court must consider whether to grant a discretionary extension of time. *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1307 (3d Cir.1995). Whether good cause has been shown is within the court's discretion. *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 n.4 (3d Cir.1996).

The Third Circuit Court of Appeals has equated good cause with excusable neglect. *McCrae v. KLLM Inc.*, 89 F. App'x 361, 364 (3d Cir. 2004). The appellate court has defined excusable neglect as requiring a showing of "good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *Petrucelli*, 46 F.3d at 1307. Again, half-hearted efforts at service does not meet this threshold. *Id.*

For the reasons articulated above, the Court finds that De Lage Landen has established a good faith effort to locate Convrgd and has repeatedly attempted to serve Convrgd. Although its

attempts do not yet meet the threshold for leave to serve using alternate means, the Court will grant De Lage Landen an additional 45 days to serve Convrgd.

## CONCLUSION

For the reasons set out in this memorandum, the Court grants De Lage Landen's motion for an extension of time and denies at this time its motion for leave to serve by alternate means. An appropriate order follows.

BY THE COURT:

_/s/ Gene E.K. Pratter_
**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**