**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DE LAGE LANDEN FINANCIAL** | : | |
| **SERVICES, INC.,** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **CONVRGD DATA TECH, INC.,** | : | **No. 20-3621** |
| *Defendant* | : | |

**MEMORANDUM**

PRATTER, J.                                                    JANUARY ___ , 2021

De Lage Landen Financial Services, Inc. has again moved for an extension of time to serve Defendant Convrgd Data Tech, Inc. and for leave to serve using substitute service. De Lage Landen filed a complaint in July 2020 alleging that Convrgd had failed to make payments on five lease agreements. In the intervening six months, De Lage Landen's efforts to serve Convrgd have been unsuccessful. For the reasons that follow, the Court grants De Lage Landen an additional 30 days to serve Convrgd but denies its request for leave to serve Convrgd by email.

**I.    Procedural History**

Because the Court writes primarily for the benefit of the parties, it will discuss only those facts that post-date De Lage Landen's first motion.[1]

Since the Court granted De Lage Landen's first motion in part, De Lage Landen attempted twice more to serve the sole corporate officer[2] who is a U.S. resident at his Florida address. Both

---

[1]    The Court previously provided a fulsome recitation of the facts supporting De Lage Landen's first motion. *De Lage Landen Fin. Servs., Inc. v. Convrgd Data Tech, Inc.*, No. CV 20-3621, 2020 WL 6800316 (E.D. Pa. Nov. 19, 2020).

[2]    Rule 4(h)(1) provides that domestic corporations may be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant[.]" Fed. R. Civ. P. 4(h)(1)(B).

attempts were unsuccessful and revealed that the officer no longer resided at that address. De Lage Landen has been unable to discover any additional addresses for Convrgd's officers or employees.

In late November, De Lage Landen attempted service for a second time on Convrgd's registered agent's registered agent. However, the business was closed due to the COVID-19 pandemic and would not re-open until 2021. Doc. No. 13. On December 30, 2020—four days before the 45-day extension to serve expired—De Lage Landen engaged a process server to serve Convrgd's registered agent at its new location. (In its first motion, De Lage Landen represented it could not serve the registered agent because it had vacated its premises without updating its address.) This business was also closed. The process server reported that it was likely "because of the holiday." Doc. No. 11-5. De Lage Landen reports no other attempts to serve the business.

## II.   Alternative Service

Federal Rule of Civil Procedure 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Because the case is before the Eastern District of Pennsylvania, Pennsylvania Rules of Civil Procedure apply.[3] Relevant here, Pennsylvania law provides that:

> If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.

Pa. R. Civ .P. 430(a).

As the Court emphasized in its prior ruling, alternative service is a last resort. A plaintiff moving for alternative service under Rule 430(a) must show "(1) a good faith effort to locate the defendant; (2) practical efforts to serve the defendant under these circumstances; and (3) a method

---

[3]      The rule uses the disjunctive "or" for the applicable state law governing service. According to records maintained by the California Secretary of State, Convrgd is registered in California.

2

of alternative service that is reasonably calculated to provide the defendant with notice." *Barbosa v. Dana Capital Grp., Inc.*, 2009 WL 902339, at *4 (E.D. Pa. Mar. 31, 2009) (collecting cases). Rule 430(a) articulates a non-exhaustive list for locating a defendant, including making inquiries of postal authorities, examining voter registration records, and local tax records. *See also Deer Park Lumber, Inc. v. Major*, 559 A.2d 941, 946 (Pa. Super. Ct. 1989).

There is no question that De Lage Landen has satisfied the first element to locate Convrgd. But De Lage Landen again stumbles at the second element. The Court reminded De Lage Landen that "[h]alf-hearted attempts at service" do not count. *Banegas v. Hampton*, 2009 WL 1140268, at *2 (E.D. Pa. Apr. 27, 2009).

De Lage Landen has established that the one corporate officer is no longer present at any of the addresses publicly available. On this basis, the Court finds that it has exhausted its efforts to locate and serve the officer.

But the Court cannot find De Lage Landen's attempts to serve the registered agent and the registered agent's registered agent are sufficiently reasonable to warrant the relief it seeks. Courts in this Circuit have found a plaintiff's efforts insufficient where three attempts were made, two of which were on the same day of the week. *Banegas*, 2009 WL 1140268, at *2. The Court is not blind to the challenges litigants face because of business closures in response to state orders to address a pandemic. That said, the Court cannot ignore that De Lage Landen waited until the eleventh-hour to attempt service for the first time on the registered agent at a time of year when businesses otherwise tend be closed.

With the holiday season now concluded, De Lage Landen can re-attempt service on both the registered agent and its registered agent (which, De Lage Landen represents, has re-opened in the new year, Doc. No. 13 ¶ 19).

3

Alternative service is warranted when the plaintiff has left no stone unturned.  *Grove v. Guilfoyle*, 222 F.R.D. 255, 257 (E.D. Pa. 2004).  The Court can think of a few more stones to be turned before it will consider granting this extraordinary relief.

**III.    Extension of Time for Service**

De Lage Landen again seeks an extension of time to effect service.  An extension is warranted when good cause exists for the plaintiff's failure to timely serve the defendant.  *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997).  Good cause in this context is equated with excusable neglect.  *McCrae v. KLLM Inc.*, 89 F. App'x 361, 364 (3d Cir. 2004).  Excusable neglect is shown by good faith by the party seeking an extension and a reasonable basis for noncompliance with the rules, here Rule 4(m).  *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1307 (3d Cir.1995); Fed R. Civ. P. 4(m).

For the same reasons set forth in its prior ruling, the Court again finds that De Lage Landen has established a good faith effort to locate Convrgd and has repeatedly attempted to serve Convrgd.  Although its attempts do not yet meet the threshold for leave to serve using alternate means, the Court will grant De Lage Landen an additional 30 days to serve Convrgd.

CONCLUSION

For the reasons set out in this Memorandum, the Court grants De Lage Landen's motion for an extension of time and denies at this time its motion for leave to serve by alternate means. An appropriate Order follows.

BY THE COURT:

**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**